# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1227V
(not to be published)

| | |
|---|---|
| MAUREEN DEIGHAN,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: February 15, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs: Hourly Rates; Administrative Time |

*Scott D Frendel, Braunfotel & Frendel, LLC, New City, NY,* for Petitioner.

*Mary Eileen Holmes, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 18, 2020, Maureen Deighan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration resulting from an influenza vaccine she received on October 10, 2017. Petition at 1. On November 15, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No.31.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated December 6, 2022 (ECF No. 35), requesting a total award of $36,996.68 (representing $35,973.00 in fees and $1,023.68 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner has incurred no out-of-pocket expenses. (ECF No. 35-2). Respondent reacted to the motion on December 6, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 36. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests the rate of $450 per hour for all time billed by her attorney Scott Frendel. ECF No. at 1. Mr. Frendel has been a licensed attorney since 1997, placing him in the range of attorneys with 20 – 30 years' experience based on the OSM Attorney Fees Rate Schedule for all his time billed. Although the requested rates are within the appropriate experience ranges, Mr. Frendel does not have demonstrated Vaccine Act experience, with this matter being his first Program case. It is therefore improper for Mr. Frendel to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, I find it reasonable to reduce the requested rates to the following: $400 per hour for time billed in 2020; $425 per hour for time billed in 2021; and $445 for time billed in 2022. This reduces the amount to be awarded in fees by **$1,506.00**.[3] Mr. Frendel will be entitled to rate increases in the future as he demonstrates more experience in Vaccine Program cases.

### B. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 3.9 hours hours was billed by paralegal Wanda Soto on scanning documents and paying invoices, takss which are considered administrative. ECF No. 35- 4 at 1-5. Because the Program

---

[3] This amount is calculated as follows: ($450 - $400 = $50 x 25.3 hrs = $1,265.00) + ($450 - $425 = $25 x 2 hrs = $50) + ($450 - $445 = $5 x 38.20 hrs = $191) = $1,506.00.

does not reimburse such administrative tasks, I will reduce the amount of fees to be awarded by **$604.50**.[4]

## ATTORNEY COSTS

Petitioner requests $1,023.68 in overall costs. ECF No. 35-5. This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$34,886.18** (representing $33,862.50 in fees and $1,023.68 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] This amount consists of : $155 x 3.9 hrs = $604.50

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.